EL BANCO DE PONCE, INC., demandante-apelante, *v.* EL MUNICIPIO DE TOA ALTA, demandado-apelado.

No. 5536.—*Sometido:* Diciembre 18, 1931. *Resuelto:* Mayo 31, 1932.

*López de Tord & Zayas Pizarro,* abogados del apelante; *Hon Attorney General James R. Beverley* y *Felipe Janer, Subprocurador,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del Tribunal.

La historia anterior de este caso puede hallarse en el de *Banco de Ponce Inc.* v. *El Municipio de Toa Alta,* 39 D.P.R. 952. Véase también el caso número 5621, *ante* pag. 586.

El 14 de mayo, 1930, la asamblea municipal pasó un presupuesto que fué aprobado por el alcalde en mayo 16. El 4 de junio, el banco radicó una segunda solicitud de *mandamus*

para compeler al alcalde y los miembros de la Asamblea Municipal de Toa Alta a que incluyeran en el presupuesto una asignación para el pago del dinero adeudado al banco a virtud de la sentencia dictada en 1925. En junio 14, 1930, el banco radicó una petición de *certiorari* para revisar la actuación de la asamblea municipal al aprobar el presupuesto, que proveía el pago de sueldos y otras obligaciones pero no incluyó asignación alguna por el importe de la sentencia. El 18 de junio se celebró una vista sobre la solicitud de *mandamus*. En agosto 13, la corte de distrito declaró sin lugar la petición. La teoría del juez de distrito fué que la asamblea municipal, después de haber aprobado el presupuesto, no podía ser obligada por *mandamus* a incluir en el mismo la asignación de que se trataba. Para los fines de la argumentación puede admitirse que esto constituye un error que da lugar a la revocación.

Los abogados de los apelados no discuten los méritos del presente recurso, sino que insisten en que las cuestiones envueltas son académicas. El apelante admite que el 13 de agosto de 1930 el juez de distrito dictó sentencia en el procedimiento de *certiorari* anulando las asignaciones para sueldos y otras partidas, y que la asamblea municipal entonces incluyó en un presupuesto revisado una asignación por el importe de la sentencia del banco. Así, pues, aparece que cuando se argumentó y sometió la presente apelación en diciembre de 1931, la asamblea municipal desde hacía mucho tiempo había realizado el acto que el banco trataba de obligarla a realizar y que el año fiscal para el que había de hacerse la asignación había transcurrido con exceso. De suerte que la cuestión respecto a si la corte de distrito erró al declarar sin lugar la petición de *mandamus* ha llegado a ser académica. Véanse 38 C. J. 552, sección 23; *U. S.* v. *Georgetown College*, 28 App. (D. C.) 87.

*Debe desestimarse el recurso.*

El Juez Asociado Señor Córdova Dávila no intervino.